# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

**COMPLAINT FOR CRIMINAL CONSPIRACY, FRAUD, PERJURY, RACKETEERING (RICO), AND VIOLATIONS OF STATE AND FEDERAL LAW**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 03 2025

**JURISDICTION** This Court has jurisdiction pursuant to:

- **28 U.S.C. § 1331** (Federal Question Jurisdiction) – Claims arise under federal law, including **42 U.S.C. § 1983, 18 U.S.C. § 1961 et seq.** (RICO Act), and **18 U.S.C. § 242** (Deprivation of Rights Under Color of Law).
- **28 U.S.C. § 1367** (Supplemental Jurisdiction) – Claims arising under Georgia law

**COMES NOW**, Plaintiff **Najee-Anthony: Shareef**, appearing **in propria persona sui juris**, and respectfully submits this Complaint For Criminal Conspiracy, Fraud, Perjury, Racketeering, (RICO) and Violations of State and Federal Law. The defendants in this matter have all engaged in acts that violate both federal and state laws.

**Plaintiff:**

: Najee-Anthony: Shareef

Case# 1:25-CV-1122

**Defendants:**

- MONICA ALICIA JONES
- JUDGE GAIL FLAKE (DeKalb County Superior Court)
- JUDGE LINDA BRATTON-HAYNES (Dekalb County Superior Court)
- ATTORNEY KINDEL JOHNSON
- ATTORNEY RYAN PROCTOR
- ATTORNEY LESLIE GRESHAM
- ATTORNEY ROYCE SAGO
- JUDGE SHONDEANA MORRIS (DeKalb County Superior Court)
- JUDGE BRIAN ROSS (Dekalb County Superior Court)

## STATEMENT OF FACTS

### 1. Fraudulent Restraining Orders & Unlawful SWAT Raid

### (DeKalb County Case Nos. 13CV6035-4 & 13CV-6057-4)

- On May 25 2013 Defendant, Monica Alicia Jones, represented by Attorney Kindel Johnson, obtained fraudulent restraining orders based on false allegations of the petitioner being a trained violent killer. These false allegations put the petitioner's life in danger. **(EXHIBIT A)**
- SWAT Team Raid: Plaintiff's legally owned firearms were confiscated, violating **Fourth Amendment rights** (*Terry v. Ohio*, 392 U.S. 1 (1968); *Mapp v. Ohio*, 367 U.S. 643 (1961). This unwarranted raid caused by the fraudulent filing by Monica A. Jones continues to cause emotional stress for the petitioner.
- The party's child Amir was forcefully removed from the petitioner's home without due process during the raid, violating **Fourteenth Amendment rights**.
- Additional fraudulent restraining orders were filed by Mayellin Cortina who did not speak or write english. This complaint was written by defendant Monica Jones who induced Mayellin Cortina to fraudulently file a complaint for a restraining order. **(Exhibit A)**
- On May 15 2013, Monica Jones filed a fraudulent complaint to the IRS for financial liability for her corporation. This was a violation of the **Privacy Act of 1974, O.C.G.A. § 10-1-911** (Unauthorized Disclosure of Personal Information) and **18 USC 1028 A (Aggravated identity theft).** Monica Jones also fraudulently disclosed the petitioner's social security number to the Georgia Department of Human Resources. **(EXHIBIT B)**
- Defendant Monica Jones from the time period of May 2013 continues to commit fraud and induce others to violate the constitutional rights of the petitioner. Monica Jones and co defendants have conducted a wreckless, vindictive and malicious attack on the petitioner. With the actors involved in this conspiracy to violate both federal and state law, the petitioner has attempted to defend himself from the vicious onslaught attempting to ruin him financially. These actions were sanctioned by the State court as the petitioner filed grievances to address the matters with no corrective action. Monica Jones is the primary subject in this organized scheme to defraud and violate both federal and state law. Defendant Monica Jones appears to have utilized political and financial influence to

persuade the other actors to violate oaths of office and the Constitution of The United States.

**Legal Violations:**

- **Fourth Amendment** - Unreasonable searches and seizures (*Terry v. Ohio*; *Mapp v. Ohio*).
- **42 U.S.C. § 1983** - Civil rights violations.
- **O.C.G.A. § 16-10-20** - False statements and writings.

## 2. Fraudulent Child Support Enforcement & Perjury

**(DeKalb County Case No. 19CH11786)**

- Defendant Monica Alicia Jones with counsel Kindel Johnson falsely claimed Plaintiff owed $24,776.00 in child support in October of 2019.
- On November 25 2019 a Motion For Contempt and A Notice to Direct Child support payments to the Georgia Department Of Child Support Services were filed on the same day. This falsified information was provided by Monica Jones. **(EXHIBIT C)**
- The petitioner responded to notices and requested an administrative hearing. Five requests have been made and not one hearing has been granted. Enforcement actions were taken violating constitutionally protected rights of the petitioner. The defendant Monica Jones has fraudulently abused Title IV( d) as she is not a recipient of any governmental assistance and the petitioner has never been an absentee parent.


- **Legal Violations:**
- **O.C.G.A. § 16-10-20** - False Statements.
- **18 U.S.C. § 1621** - Perjury.
- Fourteenth Amendment - Due process violations (*Mathews v. Eldridge*, 424 U.S. 319 (1976)
- **42 U.S.C. § 1983 -** Deprivation of Rights:
- Abuse of the Title IV (a) and (b) program.

### 3. Judicial Bias & Procedural Misconduct

### (DeKalb County Case No. 13CV4179-4)

- Judge Gail Flake refused to hear Plaintiff's motions and systemically displayed bias, violating **due process** for the plaintiff. The defendant's Monica Jones' aunt, Margie Tuckson testified at a hearing in April of 2016 to her civil rights and political relationships. After this hearing, Judge Gail Flake became extremely biased in her actions towards the petitioner. A Motion To Recuse Judge Flake was filed on September 8 2017 due to blatant biases displayed by her. On September 18 2017 she held the petitioner in contempt of court and incarcerated him based on alleged inaccurate payments due to Leslie Gresham derived by overbilling practices. The contempt hearing also included alleged child support arrearages. **(EXHIBIT D)**
- Fraudulent overbilling by Attorney Leslie Gresham was permitted by Judge Gail Flake. Attorney Gresham falsified reports, ignored professional recommendations, displayed bias as the guardian ad litem. Attorney Gresham worked in concert with the other actors in this complaint to deprive the petitioner of his constitutional rights. **(EXHIBIT D)**
- Judge Flake utilized an inaccurate, misleading and biased report from guardian ad litem Leslie Gresham to order that defendant Monica Jones have final say over health and education which contradicted outside professional reports. These biased rulings diminished the petitioner's role in raising his children as Monica Jones has been very difficult to co-parent with. One of the party's children has faced multiple health and educational challenges. These defendants neglected to perform their duties to ensure the best interest of the children.
- Judge Baynes-Hatton suppressed exculpatory evidence, violating **First Amendment rights** (*Nebraska Press Assn. v. Stuart*, 427 U.S. 539 (1976).
- Violation of OCGA 9-6-15(9) Judge Linda Baynes-Hatton forced redaction of critical information to a jury. The petitioner was given strict instructions not to disclose any activities that took place after the divorce was filed by defendant Monica Jones.
- Judge Bratton-Haynes threatened contempt of court sanctions if any post divorce activities were disclosed to the jury. These included that there was a 50/50 custody schedule and that the defendant Monica Jones' conduct violated several standing orders for a divorce in Dekalb County, Georgia. This action prevented the jury from knowing that the defendant Monica Jones was paying $40.00 per month in child support to the

petitioner. Motions were filed to object to the petitioner being forced to pay the defendant $958.00 per month although the custody schedule was 50/50. Motions to address this significant discrepancy and the different calculations methods were never answered. The restriction of presenting crucial evidence was enforced by the threat of contempt and misled the jury. **(EXHIBIT E and E1)**

Judge Flake, Attorney Gresham, Attorney Johnson and Attorney Proctor who represented the petitioner colluded to ignore what was in the best interest of the parties' children. Attorney Proctor refused to address the issues concerning the custody and wellbeing of the parties' children. They all ignored professional reports and the official code of Georgia in determining what was in the best interest of the children

**Legal Violations:**

**18 U.S.C. § 241  Conspiracy against rights**

**18 U.S.C. § 1961 & 1962 - Racketeer Influenced and Corrupt Organizations (RICO) Act**

**O.C.G.A. § 16-10-24**

**5th & 14th Amendments – Due Process Clause**

**42 U.S.C. § 1983 – Civil Rights Violation**

**4. False Criminal Allegations & Malicious Prosecution**

- Attorney Kindel Johnson falsely accused Plaintiff of possessing child pornography with his son Amir. Attorney Johnson coordinated a malicious, vile attack on the character of the petitioner with vile filings that continue to cause the petitioner great emotional stress and reputational damage.

**Legal Violations:**

- **O.C.G.A. § 16-10-72** - **Subornation of Perjury**
- **O.C.G.A. § 51-7-40** - **Malicious Prosecution**
- **18 U.S.C. § 241** **Conspiracy against rights**

## 5. Attorney Ryan Proctor's Misconduct

- Failed to work in Plaintiff's best interest.
- Colluded with Guardian Ad Litem to dissuade Plaintiff from seeking custody.
- Excessively billed for legal services for a 1 day appearance and preparation.

   **(EXHIBIT F)**

**Legal Violations:**

- **O.C.G.A. § 9-15-7** - Attorney misconduct.
- **Rule 8.4(a)(4)** - Dishonest conduct (*In re Palazzola*).
- **Rule 1.5(a)** - Unreasonable fees (*Hoard v. Beveridge*)
- **18 U.S.C. § 241** Conspiracy against rights

## 6. Racketeering (RICO) & Fraudulent Legal Filings

- Defendants engaged in **fraud, perjury, conspiracy and judicial manipulation**, constituting **racketeering activity** under **18 U.S.C. § 1961 et seq.** (RICO Act).

## 7. Unauthorized Practice of Law & Judicial Misconduct: Dekalb County, Ga cases 20FM6247 and 22CV8694

- Attorney Royce Sago engaged in legal practice while unlicensed. Royce Sago maliciously filed false motions as well as assisted co-defendant Monica Jones in perjury and fraud.**(EXHIBIT G)**
- Attorney Royce Sago was permitted to mislead the court which is clearly demonstrated in transcripts attached. Attorney Sago withheld critical information from the court and

manipulated information during a zoom hearing. **(EXHIBIT J)** Attorney Sago had malicious intent and only sought contempt charges and incarceration although evidence clearly showed that there was no evidence of willful contempt. In February of 2021, Royce Sago received U.S.Postal tracking receipts and money orders prior to a contempt hearing held on August 10th and 11th of 2022. She willfully and vindictively moved forward with a fraudulent contempt hearing although evidence was presented to her 1 ½ years prior. **(EXHIBIT H & I)**


- Judge Shondeana Morris ignored clear testimony and evidence as noted in the attached hearings. She also threatened the petitioner when the petitioner sought clarity on calculations used for a decision on alleged missing payments.In her order she recognized that defendant Monica Jones was in contempt of court without enforcing sanctions. This clear display of bias has been demonstrated throughout the Dekalb County Superior Court hearings. During the zoom trial Judge Morris threatened the petitioner with a fictitious payment that she could enforce while refusing to thoroughly investigate the evidence presented. Judge Shondeana Morris allowed Royce Sago to present orders while unlicensed .**(EXHIBIT Q & R) Transcripts from 8/10/2022 & 8/11/2022.** The full transcript is available but excerpts are being included to reduce the amount of submitted documents. Special attention should be given to **Exhibit Q pages** (7,9,14,16,17,21,23,2448,29,52,53 and 56). Monica Jones and Royce Sago conspired to present false and misleading information. Exhibit R page 2 shows attorney Royce Sago as attorney for Monica Jones while not being licensed to practice law.. **Exhibir R pages** 5, 9,33,34,47,53,55,58,60,89,90,98,99,102. These documents demonstrate the fraud, collusion and bias of the court and Royce Sago. A premeditated decision of contempt was decided without thoroughly examining all evidence and checking for its authenticity.
- A pretrial hearing was not afforded to discuss the alleged missing payments. Judge Morris awarded attorney Sago a money judgement for a frivolous and fraudulent motion filed by Monica Jones. This matter should have been resolved when the petitioner submitted proof of payments 2 years prior to a hearing date. Petitioner alleges that this was another colluded effort to extort money. Judge Morris has not responded to the motion to set aside to review the evidence and passed this case on to Judge Brian Ross. Attorney Royce Sago has been allowed to violate state and federal rules and laws.

- Judge Brian Ross, Judge Shondeanna Morris and Attorney Royce Sago denied due process by not perfecting service, carefully evaluating evidence and not providing a fair unbiased trial. **(22CV8694)**

**Legal Violations:**

- **18 U.S.C. § 242** - Deprivation of rights under color of law.
- **O.C.G.A. § 16-10-24** - Obstruction of justice.
- **18 U.S.C. § 241** Conspiracy against rights
- **14th Amendment r**ights violated

**CLAIMS FOR RELIEF**

1. **Fraud & Conspiracy:** Defendants engaged in fraud, perjury, conspiracy and judicial misconduct, causing harm.
2. **Violation of Constitutional Rights:** Defendants deprived Plaintiff of due process and equal protection **(42 U.S.C. § 1983, 1985)**.
3. **RICO Violations:** Defendants engaged in racketeering activity **(18 U.S.C. § 1962)**.

**RELIEF REQUESTED**

Plaintiff seeks:

- Criminal prosecution of all Defendants.
- Award $5,000,000.00 in damages.
- An injunction preventing further judicial misconduct.
- A full investigation into judicial and legal misconduct.
- Any other relief deemed just and proper.

:Najee-Anthony: Shareef

*:Najee-Anthony: Shareef*

**Plaintiff, in propria persona sui juris**

P.O. Box 592

Redan, GA 30074

unitygroupatl@gmail.com

7706748177

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

### CERTIFICATE OF SERVICE

I hereby certify that on this **26th day of February, 2025**, I served a copy of the foregoing **COMPLAINT FOR CRIMINAL CONSPIRACY, FRAUD, PERJURY, RACKETEERING (RICO), AND VIOLATIONS OF STATE AND FEDERAL LAW upon the defendants** via **Certified Mail, Return Receipt Requested**, and/or **electronic service** upon:

Dr. Monica Alicia Jones   **5992 Covington Highway Decatur, GA 30035**

Judge Gail Flake (DeKalb County Superior Court) **556 N McDonough St # 1100, Decatur, GA 30030**

**556 N McDonough St # 1100, Decatur, GA 30030**

Judge Linda Bratton-Haynes (DeKalb County Superior Court)**556 N McDonough St # 1100, Decatur, GA 30030**

Judge Shondeana Morris (DeKalb County Superior Court)**556 N McDonough St # 1100, Decatur, GA 30030**

Judge Brian K. Ross (DeKalb County Superior Court) **556 N McDonough St # 1100, Decatur, GA 30030**

Attorney Kindel  Johnson  PO Box 56392  Atlanta, GA 30343

Attorney Leslie Gresham    **227 Sandy Springs Place NE   Suite D-276  Atlanta, GA 30328**

Attorney Ryan Proctor   **3005 Lookout Pl NE, Atlanta, GA 30305**

Attorney Royce Sago    **1201 W Peachtree St NW Suite 2384, Atlanta, GA 30309**

### VERIFICATION
I, Najee-Anthony: Shareef, declare under penalty of perjury that the above statements are true and correct.

**:Najee-Anthony: Shareef**

*:Najee-Anthony:Shareef* (signature)

**Plaintiff, in propria persona sui juris**

**P.O. Box 592 Redan, GA 30074**

unitygroupatl@gmail.com

**770-674-8177**

**Date: February 26, 2025**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**Atlanta Division**

**Najee Anthony Shareef**
Plaintiff,

v.

**Dr. Monica A. Jones, Kindel Johnson, Leslie M. Gresham, Ryan Proctor, Royce Sago, Judge Gail Flake, Judge Linda Baynes-Hatton, Judge Shondeanna Morris and Judge Brian Ross.**
Defendant(s).

**CASE NO.**

# AFFIDAVIT OF Najee Anthony Shareef IN SUPPORT OF REMOVAL AND EMERGENCY STAY

I, **Najee Anthony Shareef**, being duly sworn, state as follows:

1. I am the **Plaintiff in the above-captioned matter** and have **personal knowledge** of the facts stated herein.
2. I submit this **Affidavit in support of the Notice of Removal and Emergency Stay** of state court proceedings, currently pending before the **DeKalb County Superior Court**.
3. Since **May of 2013**, I have been subjected to **multiple constitutional violations, fraud, and conspiracy** in the handling of my cases by **state court officials and opposing parties**.
4. The state court proceedings have resulted in:
    - **Denial of my Due Process rights under the Fourteenth Amendment.**
    - **Fraudulent filings and misrepresentation by opposing parties.**
    - **Judicial bias and improper rulings favoring the defendants.**
    - **Tampering with evidence, suppression of exculpatory material, and obstruction of justice.**
    - **Coordinated actions by court officers and opposing counsel to interfere with fair legal proceedings.**
5. The actions taken by the **state court and opposing parties** constitute violations of **42 U.S.C. §§ 1983 and 1985**, which prohibit state actors from depriving individuals of their federal rights under color of law.

6. Additionally, the conduct at issue amounts to criminal violations under **18 U.S.C. §§ 241 and 242**, which prohibit conspiracies to deprive citizens of their constitutional rights.
7. The **ongoing state proceedings** must be **immediately stayed** to prevent further irreparable harm and to allow for proper adjudication in federal court, which has jurisdiction under **28 U.S.C. §§ 1331, 1441, 1443, and 1446**.
8. **I affirm, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.**

**Executed on this** 27th **day of** February, 2025.

**Najee Anthony Shareef**

*/signature/*

**NOTARY PUBLIC:**

Sworn and subscribed before me this 27 day of February, 2025.

*/signature/*

Notary Public
My Commission Expires: 01/10/2026

*[Notary Seal: A KHAIR, NOTARY PUBLIC, DEKALB COUNTY, GA, Exp. Jan. 10, 2026]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**Najee Anthony Shareef**
Plaintiff,

V.

**Dr.Monica A. Jones, Kindel Johnson, Leslie M.Gresham, Ryan Proctor, Royce Sago, Judge Gail Flake, Judge Linda Baynes-Hatton, Judge Shondeanna Morris and Judge Brian Ross.**
Defendant(s).

**CASE NO.**

# LEGAL MEMORANDUM IN SUPPORT OF REMOVAL AND EMERGENCY STAY

### I. INTRODUCTION

Plaintiff(s) submit this **Legal Memorandum** in support of their **Motion for Removal and Emergency Stay** of state court proceedings under **28 U.S.C. §§ 1331, 1441, 1443, and 1446**. The **DeKalb County Superior Court** proceedings involve **substantial violations of federal constitutional rights, fraudulent misconduct, and a conspiracy to obstruct justice**, warranting federal intervention.

### II. LEGAL BASIS FOR REMOVAL

#### A. Federal Question Jurisdiction (28 U.S.C. § 1331)

This Court has jurisdiction because the state court actions violate the **United States Constitution and federal civil rights laws**, including:

- **42 U.S.C. § 1983** – Protects individuals from state actors who deprive them of constitutional rights under color of law.

- **42 U.S.C. § 1985** – Prohibits conspiracies to interfere with civil rights.
- **18 U.S.C. § 241** – Criminalizes conspiracies to deny citizens their constitutional rights.
- **18 U.S.C. § 242** – Punishes government officials who unlawfully deprive individuals of rights.

### B. Civil Rights Removal Under 28 U.S.C. § 1443

Removal is proper under **§ 1443(1)** because Plaintiff(s) are being denied rights secured by federal law, including:

- **Equal protection and due process under the Fourteenth Amendment.**
- **Unbiased judicial review as required in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).**
- **Right to a fair tribunal under Tumey v. Ohio, 273 U.S. 510 (1927).**

### C. Fraud and Conspiracy as Grounds for Federal Jurisdiction

State court actors and opposing parties have engaged in **fraudulent misconduct** violating Plaintiffs' rights, including:

1. **Fraudulent filings, concealment of evidence, and judicial bias.**
2. **Misrepresentation of facts, false rulings, and collusion with opposing counsel.**
3. **Obstruction of justice violating Plaintiff(s)' right to fair proceedings.**

Federal courts have consistently held that **fraud and conspiracy within judicial proceedings warrant federal intervention**, including:

- **Dennis v. Sparks, 449 U.S. 24 (1980)** – State court officials involved in fraud can be sued under federal law.
- **Johnson v. Mississippi, 421 U.S. 213 (1975)** – Removal is appropriate when a state denies federally protected rights.

### D. Procedural Compliance with 28 U.S.C. § 1446

Pursuant to **28 U.S.C. § 1446(d)**, once a case is removed, **the state court loses jurisdiction**, and further proceedings must be stayed unless the federal court orders remand. Plaintiff seeks an immediate stay to prevent **further constitutional violations**.

## III. REQUEST FOR EMERGENCY STAY OF STATE COURT PROCEEDINGS

To prevent **irreparable harm**, Plaintiff requests:

1. **An order staying all pending proceedings in DeKalb County Superior Court.**
2. **A directive barring state court enforcement of any rulings or judgments.**
3. **A federal hearing on this matter to determine the extent of constitutional violations and fraud.**

Failure to stay the proceedings would **irreparably harm Plaintiff(s) by allowing continued state court abuses** and unlawful deprivation of rights.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Accept jurisdiction over these cases.**
2. **Issue an immediate stay of all state court proceedings.**
3. **Grant any other relief deemed just and necessary.**

**Respectfully submitted,**

*:Najee- Anthony :Shareef*

**Najee Anthony Shareef**
5661 Rutland Trace

Lithonia, Ga 30058

770-674-8177
unitygroupatl@gmail.com

# NOTICE OF REMOVAL AND EMERGENCY STAY OF STATE COURT PROCEEDINGS

**COMES NOW, Najee Anthony Shareef, pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446, submits this notice of removal;**

1. **Removing the following cases** from DeKalb County Superior Court to the United States District Court for the Northern District of Georgia:
   - **Case No. CV13-4179**
   - **Case No. 20-FM6247**
   - **Case No. 22-CV8694**
2. **Staying all state court proceedings** immediately, pending review by this Court.

## I. BASIS FOR REMOVAL

This removal is based on multiple constitutional violations, fraud, and conspiracy perpetrated under **color of law**, depriving Plaintiff of their rights under the **U.S. Constitution and federal law**.

### A. Federal Jurisdiction (28 U.S.C. § 1331 & § 1441)

This Court has **federal question jurisdiction** because the claims involve:

- Violations of **42 U.S.C. §§ 1983 and 1985**, regarding due process, equal protection, and conspiracy.
- Fraudulent and unconstitutional acts under **18 U.S.C. §§ 241 & 242**.

### B. Civil Rights Removal (28 U.S.C. § 1443)

Removal is appropriate under **§ 1443(1)** because Plaintiff(s) are being denied rights protected under federal law, including:

- **Due Process & Equal Protection (14th Amendment).**
- **Right to a fair tribunal (Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)).**
- **Protection against racial/political discrimination (Strauder v. West Virginia, 100 U.S. 303 (1880)).**

### C. Fraud & Conspiracy in State Court Proceedings

The state court has **demonstrated bias and engaged in conspiracy** against Plaintiff through:

1. **Fraudulent filings and misrepresentation of facts**.
2. **Denial of procedural due process rights**.
3. **Unlawful interference with fair judicial proceedings**.
4. **Coordinated actions with opposing parties to suppress evidence**.

**Case Law Supporting Removal**:

- **Dennis v. Sparks, 449 U.S. 24 (1980)** – State actors involved in fraud can be held liable in federal court.
- **Johnson v. Mississippi, 421 U.S. 213 (1975)** – Removal is appropriate when state actions violate federally protected rights.

## II. EMERGENCY REQUEST FOR STAY OF STATE COURT PROCEEDINGS

Under **28 U.S.C. § 1446(d)**, upon the filing of this Notice, the **state court loses jurisdiction**, and further proceedings are prohibited unless the federal court remands the case. Plaintiff requests:

1. **An immediate stay of all ongoing and pending proceedings in DeKalb County Superior Court**.
2. **An order directing state court officials to cease enforcement of any rulings or judgments related to these cases**.

Failure to stay the state court proceedings would cause **irreparable harm** to Plaintiff by allowing further violations of **federal rights**.

## III. CONCLUSION

Plaintiff respectfully requests that this Court:

1. Accept jurisdiction over these cases.
2. Issue an immediate stay of all state court proceedings.
3. Grant any further relief as justice requires.

**Respectfully submitted,**

*: Najee-Anthony: Shareef*
Najee Anthony Shareef
5661 Rutland Trace
Lithonia, Ga 30058
unitygroupatl@gmail.com
770-674-8177

February 27 2025